UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80019-DAMIAN

**CHARLES "TY" WEST**,

    Plaintiff,

v.

**Q.E.P. CO. INC.**,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 101]

**THIS CAUSE** is before the Court on the Report and Recommendation on Defendant's Motion to Strike and *Daubert* Motion, of United States Magistrate Judge Bruce E. Reinhart, entered on March 25, 2025. [ECF No. 101 (the "Report and Recommendation")]. Judge Reinhart recommends that the Court deny Defendant, Q.E.P. Co. Inc's ("QEP"), Motion to Strike, and grant in part and deny in part QEP's *Daubert* Motion, which was filed together with the Motion to Strike as a single motion on January 31, 2025. *See* ECF No. 78 ("Motion").

THE COURT has considered the Report and Recommendation, Defendant's Objections thereto [ECF No. 103 (the "Objections")],[1] and the pertinent portions of the record and is otherwise fully advised. The Court also addressed the Defendant's Objections during the July 23, 2025, Calendar Call.

---

[1] Plaintiff filed a Notice of Non-Objection on March 27, 2025. [ECF No. 102].

### APPLICABLE LEGAL STANDARD FOR REVIEW
### OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the Magistrate Judge's report to which the petitioner objected). Since the Defendant filed timely objections, this Court has reviewed the record *de novo*.

### ANALYSIS OF DEFENDANT'S OBJECTIONS

After careful, *de novo* consideration of the record, including Judge Reinhart's Report and Recommendation, this Court overrules Defendant's objections and adopts the Report and Recommendation. The undersigned agrees with Judge Reinhart's well-reasoned findings, astute analyses, and overall conclusions.

Although Defendant objects on the basis that Plaintiff's belated expert disclosure was untimely (*see* Objections at 4-6), Defendant does not substantively address Judge Reinhart's finding that such late disclosure was ultimately harmless, with which this Court agrees. *See* Report and Recommendation at 7-8 (citing *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 606 (11th Cir. 2019)). Defendant further objects that Plaintiff's expert, Mr. Holt, "failed to explain how [his] experience is relevant and sufficient to qualify him as an expert under federal law

2

in the art of business valuation." Objections at 7. Yet Judge Reinhart correctly observed that Mr. Holt "used his industry experience, and consulted with other professionals in the industry to determine what it could have cost QEP to liquidate Harris Flooring Group versus selling it to a buyer[,]" concluding that Defendant's arguments "challenge the weight and not the admissibility of the evidence"—and are best addressed on cross examination. Judge Reinhart also noted that Plaintiff's expert appears to have sold three businesses and purchased two businesses and owns multiple businesses in the construction and warehouse industries, in addition to being featured in multiple flooring industry publications. Report and Recommendation at 10 (quoting ECF Nos. 78-2; 89). Defendant has not shown that such experience is irrelevant and insufficient to the extent that it would render Mr. Holt unreliable.

Finally, Defendant objects that "Holt's opinions include legal conclusions that must be excluded." Objections at 8-9. "If testimony tracks the language of the applicable statute or uses a term that has a specialized legal meaning that is more precise than the lay understanding of the term, the testimony is an impermissible legal conclusion." *Cordoves v. Miami-Dade Cnty.*, 104 F. Supp. 3d 1350, 1365 (S.D. Fla. 2015) (Altonaga, J.) (cleaned up and citation omitted). Here, although some of the deposition testimony identified by Defendant may fall outside the scope of permissible expert testimony, this Court finds the better means of addressing such testimony is during trial. Plaintiff is admonished to avoid asking the expert for legal conclusions at trial, and, if such testimony is elicited, Defendant may object and bring it to the Court's attention at that time.

Accordingly, for the reasons set forth above and further discussed on the record during the July 23, 2025 Calendar Call, it is hereby

**ORDERED AND ADJUDGED**:

(1) Judge Reinhart's Report and Recommendation **[ECF No. 101]** is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review; and

(2) Defendant's Motion to Strike **[ECF No. 78]** is **DENIED**. Defendant's *Daubert* Motion **[ECF No. 78]** is **GRANTED IN PART**, **DENIED IN PART** as follows:

a. Mr. Holt may generally testify as to his knowledge of QEP's standing in the flooring community in support of his valuations.

b. Mr. Holt may not opine on whether the sale to Marquis would have occurred without Plaintiff's involvement.

c. Mr. Holt may not testify as to his opinion that QEP receiving the $10,100,000 would only be possible because of a sale to Marquis that Ty West brought to the table.

d. Mr. Holt may not characterize QEP or Harris Flooring Group as a "young bankrupt company."

e. QEP's remaining *Daubert* objections are **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 29th day of July, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record